## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRET WHINERY et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   Case No. CIV-25-686-G |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY et al., | ) |
| | ) |
|    Defendants. | ) |

## <u>ORDER</u>

Now before the Court is Plaintiffs Bret Whinery and Barbara Whinery's Motion to Remand (Doc. No. 13). Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No. 17) and Plaintiffs have replied (Doc. No. 18).

### I.    Background

Plaintiffs initially filed this action in the District Court of Garfield County, Oklahoma, on May 19, 2025. *See* Pet. (Doc. No. 1-2). Plaintiffs challenge State Farm's denial of an insurance claim submitted for wind and hail damage to the roof of Plaintiffs' dwelling in Enid, Oklahoma. *See id.* ¶¶ 19, 20, 32, 36(a).

Plaintiffs' claims are premised on an alleged "state-wide practice and scheme" pursuant to which State Farm and its captive insurance agents—i.e., agents who exclusively sell State Farm products—underpay and deny wind and hail damage claims. *See id.* ¶¶ 22, 36(o); Pls.' Mot. Remand at 2-3. According to Plaintiffs, the scheme begins with the agent who procures a replacement cost home insurance policy for the insured, calculates the replacement cost value, and serves as the "first line of underwriting." *See id.* ¶¶ 9, 12; Pls.'

Mot. Remand at 1-2.  In doing so the agent inherently represents that the roof meets State Farm's underwriting guidelines and is eligible for the coverage sought  *See id.* ¶¶ 14, 47.

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics.  *Id.* ¶¶ 22, 30, 36, 38; Pls.' Mot. Remand at 2.  State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so.  Pet. ¶ 55; Pls.' Mot. to Remand at 2.

Plaintiffs bring claims of breach of contract and breach of the duty of good faith and fair dealing ("bad faith") against Defendant State Farm.  *See* Pet. ¶¶ 28-42.  Plaintiffs also assert claims against their insurance agent, Jeff Eaton Insurance Agency, Inc. ("Defendant Eaton"), for negligent procurement of insurance and for constructive fraud/negligent misrepresentation.  *See id.* ¶¶ 43-58.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder.  *See* Notice of Removal (Doc. No. 1) at 2-3. Plaintiffs then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

II.    *Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521

(10th Cir. 1991).  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 17.  It is further undisputed that Plaintiffs and Defendant Eaton are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes.  *See id.* ¶¶ 1-3.  Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiffs seek remand of this case to state court.  *See* Pls.' Mot. to Remand at 2-3, 12; 28 U.S.C. § 1447(c).  State Farm asserts that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant Eaton, a nondiverse defendant, as a means to defeat removal.  *See* Notice of Removal at 3-4; Def.'s Resp. at 8-32.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

III.    *Discussion*

A. *Plaintiffs' Inability to Establish a Claim Against Defendant Eaton*

Defendant asserts that fraudulent joinder is shown by Plaintiffs' inability to establish a cause of action against non-diverse Defendant Eaton. In evaluating State Farm's assertion of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant Eaton. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court

4

may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs assert two claims against Defendant Eaton: (1) negligent procurement of insurance; and (2) constructive fraud/negligent misrepresentation. *See* Pet. ¶¶ 43-58. Each claim is addressed in turn below.

### 1. Negligent Procurement of Insurance

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

"[T]he scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" "is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Rotan*, 83 P.3d at 895. Thus, "[t]o discharge their duty . . ., insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds.'" *Id*. (emphasis omitted).

Plaintiffs "requested a homeowner's policy that would provide full replacement cost coverage for The Home including the roof" and would return the roof to "its pre-loss condition in the event of a hail storm." Pet. ¶ 8. Plaintiffs contend that the insurance they

received "deviat[ed] substantially and materially" from what was requested.  *Id*. ¶ 51(a).

Plaintiffs' allegations and the record reflect, however, that Defendant Eaton procured a full replacement cost policy providing coverage for weather-related losses, consistent with Plaintiffs' request.  *See id*. ¶¶ 17, 19, 25-26 ("The policy . . . does not define or limit coverage for damage as a result of windstorm/hail."); Policy (Doc. No. 1-7) at 31 ("*We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations* . . . .").  Plaintiffs do not allege that they communicated any additional specific coverage needs to Defendant Eaton that were disregarded.

Plaintiffs therefore cannot show that, "by the agent's fault, insurance [was] not procured as promised."  *Swickey*, 979 P.2d at 269; *see also Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-47-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (finding no viable claim against the agent because the plaintiff's claim hinged upon what damage was sustained rather than the terms of the policy); *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (finding no viable claim against the agent because no allegations were made that specific coverage was requested that the agent failed to provide).

Plaintiffs additionally assert that Defendant Eaton breached the duty owed to Plaintiffs by failing to:

    i. confirm whether The Home and roof met State Farm's underwriting guidelines;

    ii. perform all necessary inspections

   iii.  advise Plaintiffs of any pre-existing conditions which would render the roof ineligible for coverage; and

   iv.  disclose all material facts of the alleged scheme including the use of undisclosed definitions

*See* Pet. ¶¶ 11, 12, 50.

Plaintiffs identify no authority establishing that Defendant Eaton, in its capacity as an insurance agent, owed Plaintiffs a duty to undertake the above-described actions in connection with procurement of the policy. As explained in a similar case:

> Whatever underwriting duties [the insurance agent] may have owed to State Farm, as agent to principal, do not necessarily translate into a duty *to the insured*. . . . .
>
>   . . . .
>
> Bottom line, there is no basis shown for concluding that [the insurance agent] undertook or otherwise had a duty beyond securing the issuance of the initial and renewal policies for full replacement coverage. Plaintiffs' arguments essentially contend that an agent has a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim. Such a contention goes beyond any duty contemplated by Oklahoma law.

*Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3-4 (W.D. Okla. Aug. 7, 2023). And while "State Farm may well have multiple requirements as to what it expects its agents to do as part of its underwriting process," "that is not the same thing as concluding there is some underwriting duty owed to the insured." *Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023) (emphasis omitted). Further, the Policy expressly states that State Farm has no obligation to "make inspections and surveys of the insured location at any time," provide insureds with "reports on conditions," or "recommend changes" regarding insurability.

Policy at 45 (emphasis omitted).

Even assuming Defendant Eaton owed the above duties, Plaintiffs allege "[t]he Home . . . was significantly damaged as a direct result of windstorm/hail, which was a covered cause of loss under the policy," but that State Farm "was determined to deny the damage to the roof no matter what, without reasonable basis to do so."  Pet. ¶¶ 19, 24. Plaintiffs therefore allege injury arising from State Farm's assessments and related denials—not from the type of coverage procured by Defendant Eaton.  *See id.*; *see also Weichbrodt v. State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819, at *2 (W.D. Okla. July 2, 2025) ("Plaintiff's damages flow from State Farm's allegedly improper interpretation of [plaintiff's] policy and adjustment of [plaintiff's] claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit").

For these reasons, Plaintiffs have failed to state a potentially viable claim against Defendant Eaton for negligent procurement of insurance.  *See Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-12-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025); *Steinkamp*, 2023 WL 11920886, at *2.

### 2. Constructive Fraud/Negligent Misrepresentation

Under Oklahoma law, constructive fraud or negligent misrepresentation consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025).  Such a duty "may arise if a party selectively discloses facts that create a false impression."  *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d

8

1165, 1181 (10th Cir. 2008).  Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (internal quotation marks omitted).  "A duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).

Plaintiffs assert that Defendant Eaton made several implicit misrepresentations, including that the agency could procure the coverage requested, the property met all underwriting guidelines, and the property was eligible for full replacement cost coverage. *See* Pet. ¶ 54.  Plaintiffs further allege that Defendant Eaton concealed material facts regarding State Farm's alleged scheme in violation of the duty to disclose.  *See id.* ¶ 55. Plaintiffs do not identify any affirmative statements made by Defendant Eaton during the procurement process concerning inspections, underwriting, or claims handling that serve as a basis for their claim.  Instead, Plaintiffs rely solely on inherent representations arising from the agent's acts of procuring, binding, and renewing coverage.  *See id.* ¶¶ 14, 47.

This Court has repeatedly declined to conclude that "an inherent or implied representation attendant to the issuance of an insurance policy" is a sufficient basis for a constructive fraud/negligent misrepresentation claim against an insurance agent.  *Wilder*, 2025 WL 2918045, at \*5; *see, e.g.*, *Cook v. State Farm Fire & Cas. Co.*, No. CIV-25-1098-R, 2025 WL 3461564, at \*3 (W.D. Okla. Dec. 2, 2025).  And as to State Farm's alleged "scheme," even assuming agents' knowledge, the Petition sets forth "no factual allegations that demonstrate [Defendant Eaton] disclosed any information that would have required [Defendant Eaton] to convey the information [Plaintiffs] assert[] was not disclosed"

regarding State Farm's claims handling tactics and related complaints. *Stafford v. State Farm Fire & Cas. Co.*, No. CIV-25-8-HE (W.D. Okla. May 27, 2025) (order denying remand).

Plaintiffs further fail to allege facts establishing a causal connection between the alleged misrepresentations or omissions and the damages sought by Plaintiffs in this action. State Farm's determination that some of the property damage was attributable to a non-covered cause does not render the policy illusory, fraudulent, or otherwise ineffective. "[T]he policy sought was the policy received," and that policy provides coverage for the type of loss claimed, as confirmed by State Farm's finding of covered damage under the policy. *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025); *see* Pet. ¶¶ 22, 24.

"All relevant disputes relate to the coverage decision"; the parties simply disagree on the cause and/or extent of damage. *Rain Drop Found.*, 2025 WL 582562, at *5; *see also Porter v. State Farm Fire & Cas. Co.*, No. CIV-25-187-R, 2025 WL 1151682, at *4 (W.D. Okla. Apr. 18, 2025) ("[A]ny "implied" representations by the agent about the property's condition or its eligibility for a replacement cost value policy were either true or not the cause of Plaintiffs' losses"). Plaintiffs' purchase of a replacement cost policy does not guarantee that their claims would be paid in full or "paid in the exact manner" they desire. *Id.* "[T]he Court is unable to make out a causal nexus between [Defendant Eaton's] actions at the procurement stage and Plaintiffs' alleged prejudice at the coverage determination stage." *Id.*

State Farm has therefore met its burden to demonstrate the absence of a possibly

viable claim against Defendant Eaton for constructive fraud/negligent misrepresentation.

CONCLUSION

For the reasons set forth above, the Court finds that fraudulent joinder has been established, and the nondiverse defendant —Defendant Jeff Eaton Insurance Agency, Inc.—should be disregarded. Thus, there is complete diversity between the relevant parties, and remand is not warranted.

Accordingly, Plaintiffs' Motion to Remand (Doc. No. 13) is DENIED. Plaintiffs' claims against Defendant Jeff Eaton Insurance Agency, Inc. are DISMISSED without prejudice.[1] Defendant Eaton shall be terminated as a party to this action.

The previously ordered stay of the Motion to Dismiss (Doc. No. 7) is hereby LIFTED and VACATED and that Motion is DENIED as moot.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge

---

[1] *See Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013) (explaining that once the district court "determined that [the nondiverse defendant] had been fraudulently joined," "it was required to dismiss him from the case without prejudice").